## 19147. JONES *v.* THE STATE.

DECIDED DECEMBER 11, 1928.

*Don K. Johnston,* for plaintiff in error.

*Claude C. Smith, solicitor-general, James A. Branch,* contra.

LUKE, J. An information was filed before the judge of the superior court of the Stone Mountain Circuit, charging N. T. Jones with contempt of court. A rule nisi was issued requiring said Jones to appear before the bar of DeKalb superior court and show

cause why he should not be dealt with as for contempt. A demurrer to the information was overruled, and, after evidence had been introduced, Jones was adjudged in contempt of court. The correctness of the judgment overruling the demurrer and of the said final judgment is duly presented for our consideration.

Omitting formal parts, the information, by paragraph, follows: "1. That on June, 1927, there was presented to his honor John B. Hutcheson, judge of the superior courts of the Stone Mountain circuit, by L. L. Ray, an attorney at law, a petition and prayer in the case of Carter Electric Company v. Mrs. Ella Dee Jones, said cause then pending in DeKalb superior court, one of the courts of said circuit. 2. A copy of said petition is hereto attached and marked Exhibit A. 3. That the language of said petition and prayer has a tendency to impede, embarrass, and obstruct said court in the due consideration of justice therein, and contains false and defamatory reflections upon the judicial integrity of said court. 4. That N. T. Jones, a resident of Fulton county, Ga., a son of defendant in said cause, actively counseled, advised, and urged the preparation of said petition, was present at the preparation of said petition and said prayer, was conversant with its contents, carried it to his mother for her signature, and accompanied L. L. Ray to Jonesboro, where said petition was presented to your honor."

The objectionable petition, attached as Exhibit A to the information, alleged: 1. The pending for fourteen months of "certain litigation in which your petitioner is defendant and Carter Electric Company et al. plaintiffs, same being a bill for receiver for certain property," which was described. "2. That various and sundry petitions and bills, both at common law and at equity, have been presented to the Hon. John B. Hutcheson, judge of the Stone Mountain Circuit for the State of Georgia; that upon these bills and petitions various orders have been entered and passed by the said Hon. John B. Hutcheson, touching the questions made in the litigation between the parties herein referred to. 3. That, without exception, the said Hon. John B. Hutcheson, when any petition has been presented to him by your petitioner, has accepted the same for consideration, and, before passing an order upon the same, would, by some means unknown to your petitioner, but she supposes by phone, communicate with counsel for the Carter Electric Company and confer with them and others secretly, and with-

out notifying counsel for your petitioner to be present at such conference. Your petitioner alleges that she has a legal right to be represented at any conference upon any petition or bill that she has presented to the judge, which said right has been denied her in all petitions and bills presented to the Hon. John B. Hutcheson." 4. The possession of said property was, by order of court, "conditioned upon your petitioner paying the sum of $250 per month as rent, or giving any proper bond for the same. Petitioner paid one month's rent. Proper and solvent bonds were delivered to the sheriff and refused by him." "5. Your petitioner charges upon information and belief, and from past acts, that she will be evicted from the premises described in the petition at 10 o'clock, June 20th, and she here and now shows to the court that she is in the legal and peaceable possession of said property, and that her possession did not originate in fraud, and is not permissive only, and that she has complied with the former orders of this court and all of the bonds thereof to remain in possession of said property. Your petitioner further asserts that, with regret and humiliation, she is compelled to assert to this court that she can not get a fair, impartial, and legal hearing. The reason for this condition is unknown to your petitioner, but is very apparent to even a casual observer." "6. Your petitioner respectfully shows to the court that she asked in the litigation herein referred to that nothing be done except justice and right, which she stands ready and willing to do, and to abide any order of the court that may be founded on the principles of justice and right. She claims this privilege as a citizen of the United States, and as constitutional right under the provisions of the constitution of the United States and the State of Georgia." "7. Your petitioner here charges that, under the former orders of this court and rulings of the Hon. John B. Hutcheson, she is about to be deprived of the possession of her property without due process of law to which she is entitled." "8. Your petitioner herewith presents the affidavits of certain parties, which will appear by reference to said affidavits, and which said affidavits are self-explanatory, and prays that your honor, in passing your order upon this petition, will consider."

The prayers of the petition are: (1) that the sheriff and others be restrained from interfering with the petitioner's possession of the property described in the petition; (2) "that your honor will

conscientiously and honestly consider the subject-matter, and the questions as made in this bill as to your qualifying or disqualifying to decide any question therein made except the question as to your qualification." 3. "That process do issue," etc. 4. "That your honor will pass such order as in good conscience and justice you may deem right as to the matters mentioned in this petition, whether you are qualified to do so, and, if disqualified, enter some order asserting the same, that your petitioner may go to some other judicial officer qualified, and have the questions made in this petition adjudicated in accordance with the rules of law, equity, and justice."

The demurrer to the information follows: "1. Said rule and information set forth no cause of action or complaint for contempt against this respondent. 2. Said rule and information do not set up facts showing that the contempt alleged took place in the presence of the court or so near thereto as to obstruct the administration of justice. 3. The facts in said case set forth in the rule and attachment do not show that respondent has been guilty of any contempt, or conduct for which the law justifies fine and imprisonment. 4. Because the information and rule show that N. T. Jones is neither an officer of the court nor a party to a suit, nor a juror, witness, or that he has disobeyed any writ, process, rule, or order of court."

An examination of the petition attached to the information as Exhibit A, and especially of paragraphs 3, 5, 6, and 7, and of the prayers thereof, clearly shows the contemptuous nature of the petition. In this connection, see the *File* case, 11 *Ga. App.* 665 (76 S. E. 397), and citations.

Accepting as true, as we must on demurrer, the allegations of fact in the information, we are sure that paragraph 4 of the information fixes upon N. T. Jones full responsibility for everything contained in the petition which is the basis of the contempt proceeding.

The second ground of the demurrer is in the language of the Civil Code (1910), § 4643 (Civil Code of 1895, § 4046). In *Bradley* v. *State,* 111 *Ga.* 168 (1, 2) (36 S. E. 630, 50 L. R. A. 691, 78 Am. St. R. 157), where this code section was directly up for construction, it was said: "1. The power to punish contempts is inherent in every court of record. If the court is created by the

constitution, the legislature can not, without express constitutional authority, define what are contempts and declare that the court shall have jurisdiction over no acts except those specified." "2. The provision of the constitution which declares that 'The power of the courts to punish for contempts shall be limited by legislative acts' does not confer such authority, but only the power to prescribe the punishment, after conviction. Consequently section 4046 of the Civil Code [of 1895], in so far as it seeks to limit the jurisdiction of a constitutional court to punish contempts to certain specified acts, is not binding upon such courts. They may go beyond the provisions of the statute, in order to preserve and enforce their constitutional powers by treating as contempts acts which clearly invade them." In the decision (p. 171) this language appears: "Among these powers was that of defining and punishing contempts of court, whether such contempts were direct, that is, committed in the presence of the court, or constructive, interfering indirectly with the administration of justice." Clearly there is no merit in the second ground of the demurrer.

We have already reached the conclusion that the information set out facts constituting a contempt of court, and the punishment inflicted is within the rule that superior courts have the right "to punish contempt by fines not exceeding two hundred dollars, and by imprisonment not exceeding twenty days." Civil Code (1910), § 4849 (5). The third ground of the demurrer is without merit.

Ground 4 of the demurrer is in effect that the information is defective because it shows that Jones did not belong to any class made subject to contempt under section 4643 of the Civil Code of 1910. This contention is denied by the ruling in *Bradley* v. *State,* supra, and by numerous other decisions of this court and of the Supreme Court.

No ground of the demurrer was good, and the court's judgment overruling it was correct.

N. T. Jones was found guilty of contempt of court and sentenced to pay a fine of $200, or to serve twenty days in jail. Does the evidence support the judgment? In his answer to the rule Jones admitted paragraphs 1 and 2 of the information, and denied paragraph 3. Paragraph 3 of the answer was as follows: "Answering paragraph 3 of the petition, says that he admits that he is the son of the defendant, Mrs. Ella Dee Jones, that he was conversant with

the contents of the petition as alleged, that he carried it to his mother for signature, and that he accompanied L. L. Ray, attorney for his mother, to Jonesboro as alleged; but respondent denies that he either actively counseled, or urged, or participated in the preparation of the petition, but on the other hand respondent counseled and advised against the preparation and filing of said petition as filed, and especially to the allegations in paragraphs 3, 5, and 7 of the petition, and 2 and 4 of the prayer to the petition, but was assured by counsel for his mother that the language used therein could not be construed as offensive or in contempt, but was permissive in pleading; that respondent acted solely upon advice of counsel for his invalid mother, who was bedridden at that time, and that he was advised that the language employed in said petition was permissible under the rules of pleading in Georgia."

N. T. Jones testified in effect that he protested against the objectionable features of the petition, but finally, upon the assurances of counsel that the petition was unobjectionable and proper, consented that it be presented to the judge as it was. It is inferable from the testimony of L. L. Ray, who had already been found in contempt of court for the part taken by him as an attorney in preparing and presenting the petition to the court, that N. T. Jones was largely responsible for the objectionable features of that petition, and that they were incorporated in the petition under Jones's directions, and over his, Ray's, protest. There is evidence in the record sustaining Mr. Jones's version of the matter, and there is also evidence tending to sustain Mr. Ray's version of it. It was also in evidence that Mr. N. T. Jones had frequently acted as his mother's agent in handling her legal affairs; and it appears from the record in this case that Mr. Jones assisted in the conduct of the case by examining witnesses at length.

In the light of the foregoing, and of the fifty-page brief of evidence, which we have carefully read, we are constrained to hold that the judge did not abuse his discretion in adjudging the plaintiff in error in contempt of court.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*